IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY MCCOWIN, | ) | 4:13CV3132 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE | ) | |
| PENITENTIARY, | ) | |
| | ) | |
| Respondent. | ) | |

     This matter is before the court on Petitioner's Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing No. 2.) Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 fee. 28 U.S.C. § 1914(a). The court has reviewed the application to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1)-(2). Petitioner's trust account information shows that Petitioner's account contained an average monthly balance of $100 or more for the five-month period immediately preceding the filing of the petition. (Filing No. 5.) Thus, the court concludes that Petitioner must be required to pay the $5.00 filing fee because Petitioner has the financial ability to do so. *See* 28 U.S.C. § 1915(a). No further review of this case will take place until the fee is paid.

     IT IS THEREFORE ORDERED that:

     1.     Petitioner's application to proceed IFP (filing no. 2) is denied.

     2.     Petitioner is granted until 30 days from date of this Memorandum and Order to pay the $5.00 filing fee. Petitioner is warned that if the fee is not paid as required, the court may dismiss this case without further notice.

3.	The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: August 26, 2013: deadline for Petitioner to pay $5.00 filing fee.

4.	No further review of this case will take place until the filing fee is paid.

DATED this 24th day of July, 2013.

> BY THE COURT:
>
> *Richard G. Kopf*
> Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2