IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY MCCOWIN, | ) | 4:13CV3132 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA STATE | ) | |
| PENITENTIARY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Gary McCowin ("McCowin" or "Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

I. BACKGROUND

The Petition and the exhibits attached to the Petition reflect that Petitioner pled no contest to driving under the influence, fourth offense, on November 21, 2012, in the District Court of Douglas County, Nebraska ("state district court"). (Filing No. 1 at CM/ECF p. 22.) He appealed the sentence to the Nebraska Court of Appeals, which affirmed the judgment of the state district court on June 11, 2013. (*Id.* at CM/ECF p. 16.) On appeal to the Nebraska Court of Appeals, Petitioner argued that the sentence imposed by the state district court was an abuse of discretion. (*Id.* at CM/ECF p. 22.) Petitioner filed his Petition in this court one month after the Nebraska Court of Appeals denied relief. (Docket Sheet.)


## II. HABEAS EXHAUSTION REQUIREMENT

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *Id.* at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska

Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

## III.  DISCUSSION

Liberally construed, Petitioner raises the same issue in his Petition that he raised on appeal to the Nebraska Court of Appeals: that the sentence imposed by the state district court was an abuse of discretion. (Filing No. 1 at CM/ECF p. 5.) Such a claim is not cognizable in a federal habeas action because it raises issues of state law only. *See* 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

Even if the court were to liberally construe the claim to be one alleging that the state district court imposed an excessive sentence in violation of the Eighth and Fourteenth Amendments, such a claim would be procedurally defaulted because it is clear from Petitioner's exhibits that such a claim was not raised to the Nebraska Court of Appeals. (*See* Petitioner's appellate brief at Filing No. 1 at CM/ECF p. 22.) Moreover, Petitioner, who only recently lost his appeal in the Nebraska Court of Appeals, did not exhaust his state court remedies prior to filing suit in this court. As set forth above, a state prisoner must "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. *O'Sullivan*, 526 U.S. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and *then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner*. See *Akins*, 410 F.3d at 454-55. Here, Petitioner sought relief in this court prior to seeking further review with the Nebraska Supreme Court.

On the court's own motion, Petitioner shall be given 30 days to show cause why this matter should not be dismissed without prejudice because his claims have not been exhausted in the state courts. Failure to respond to this Memorandum and Order will result in dismissal of this matter without further notice.

IT IS THEREFORE ORDERED that:

1.  On the court's own motion, Petitioner shall have 30 days from the date of this Memorandum and Order to show cause why this matter should not be dismissed without prejudice because Petitioner has not exhausted his state court remedies.

2.  Failure to respond to the court's Memorandum and Order will result in dismissal of this matter without further notice.

3.  The clerk's office is directed to set a pro se case management deadline in this matter with the following text: November 8, 2013: Deadline for Petitioner to show cause why case should not be dismissed.

DATED this 8th day of October, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.